T.C. Summary Opinion 2011-89


UNITED STATES TAX COURT


BADRI N. ABDI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10077-10S.              Filed July 13, 2011.


Badri N. Abdi, pro se.

<u>Anna A. Long</u>, for respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to

the Internal Revenue Code in effect for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,332 in petitioner's Federal income tax for 2008.  The issues for decision are:  (1) Whether petitioner is entitled to a dependency exemption deduction for his minor sister, FM;[1] (2) whether petitioner is entitled to an earned income tax credit; and (3) whether petitioner is entitled to a child tax credit.

<u>Background</u>

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  At the time he filed his petition, petitioner resided in California.

Petitioner was 21 in 2008.  He lived with his mother and three siblings--his 11-year-old sister, FM, and two brothers, each of whom was younger than FM.  Petitioner's mother did not claim petitioner as a dependent, and the parties stipulated that petitioner's mother filed a Federal income tax return for 2008 on which she claimed petitioner's two brothers as dependents.

During 2008 Petitioner was a student at San Diego State University and worked three jobs--as a cashier and jeweler at

---

[1]The Court refers to minors by their initials.  See Rule 27(a)(3).

Mervyns, a retail store; as a caretaker for his grandmother;[2] and as a telemarketer for the San Diego State University Foundation. After cashing each paycheck, petitioner would give most of the money to his mother. Petitioner paid for the family's cable television and Internet subscriptions and bought clothes and games for FM. Petitioner retained only a limited amount of money for himself to purchase "some clothes", to occasionally eat out, and for entertainment. Petitioner did not own an automobile. Either his mother or his friends would drive him to school and to his workplaces.

Petitioner timely filed his 2008 Federal income tax return. On the return petitioner claimed: (1) A dependency exemption deduction with respect to FM, (2) an earned income tax credit of $2,917, and (3) a child tax credit of $276.

## Discussion

### I. Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an additional "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." As pertinent hereto, section 152(a)(1) defines a "dependent" as a "qualifying child", sec. 152(a)(1), or a "qualifying relative",

---

[2]Petitioner's grandmother received governmental assistance which enabled her to pay for an aide.

sec. 152(a)(2), subject to certain exceptions found in section 152(b) not herein applicable.

Section 152(c)(1) defines the term "qualifying child" to mean an individual (the presumptive qualifying child) who (A) bears a relationship to the taxpayer as described in paragraph (2) of section 152(c) (the relationship test), (B) who has the same principal place of abode as the taxpayer for more than one-half of the taxable year (the principal place of abode test), (C) who meets the age requirement of paragraph (3) of section 152(c) (the age test), and (D) who has not provided over one-half of his/her own support for the calendar year in which the taxable year of the taxpayer begins (the self-support test).

To satisfy the relationship test, section 152(c)(2) requires the relationship between the presumptive qualifying child and the taxpayer to be that of either (A) the taxpayer's child or a descendent of the taxpayer's child, or (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative. One of the conditions satisfying the age test is that the presumptive qualifying child be under age 19 as of the close of the calendar year in which the taxable year of the taxpayer begins.

FM meets all four requirements of section 152(c)(1) and therefore is petitioner's qualifying child. First, FM is petitioner's sister, thus satisfying the relationship test.

Second, petitioner and FM had the same principal place of abode throughout 2008, thus satisfying the principal place of abode test.  Third, FM was 11 years old in 2008, thus satisfying the age test.  Fourth, and finally, the record establishes that FM did not provide more than one-half of her own support for 2008, thus satisfying the self-support test.[3]

Even though FM is petitioner's qualifying child, FM is also the qualifying child of petitioner's mother.  Thus we are forced to consider the special rule set forth in section 152(c)(4) relating to two or more taxpayers claiming the same individual as a qualifying child.[4]

> Except as provided in subparagraph (B), if (but for this paragraph) an individual may be and is claimed as a qualifying child by 2 or more taxpayers for a taxable year beginning in the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is--
>
>> (i) a parent of the individual, or
>>
>> (ii) if clause (i) does not apply, the taxpayer with the highest adjusted gross income for such taxable year.

Thus, in the case where a parent and another relative each claim an individual as a qualifying child for the same tax year,

---

[3]For tax years beginning before Jan. 1, 2005, sec. 152(a) provided that a "dependent" meant certain individuals, including a taxpayer's sister, over half of whose support, for the calendar year in which the taxpayer's taxable year begins, was received from the taxpayer.  This support requirement is not part of the statutory test for "dependent" when referring to a qualified child for 2008.

[4]A dependency exemption for FM may be allowed to only one taxpayer.

section 152(c)(4)(A)(i) provides that the individual be treated as the qualifying child of the parent.  However, as herein pertinent, this rule comes into play only if petitioner's mother had claimed FM as her qualifying child.

The record shows that petitioner and his mother carefully arranged their tax affairs; petitioner's mother claimed her other two sons as her qualifying children and petitioner claimed FM.[5] Therefore, we believe and thus find that petitioner's mother did not claim FM as a dependent for 2008.

Because FM is petitioner's qualifying child for 2008, petitioner is entitled to the claimed dependency exemption deduction for FM for 2008.[6]

## II. Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual to receive an earned income credit against his/her tax liability.  As pertinent here, the term "eligible individual" includes any individual who has a qualifying child for the taxable year.  Sec.

---

[5]For tax years beginning after Dec. 31, 2008, the statute was amended to provide that if an individual may be claimed as a qualifying child by two or more taxpayers for a taxable year beginning in the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is the parent of the individual.  Thus, the statutory amendment removed the requirement that the child "may be and is claimed" by two or more taxpayers.  Fostering Connections to Success and Increasing Adoptions Act of 2008, Pub. L. 110-351, sec. 501(c)(2)(B)(i), 122 Stat. 3980.

[6]Because FM is petitioner's qualifying child, we need not determine whether FM is petitioner's qualifying relative.

32(c)(1)(A)(i). In general, the term "qualifying child" means a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to section 152(c)(1)(D) (regarding the amount of support) and section 152(e) (regarding special rules for divorced parents). Sec. 32(c)(3)(A).

As found <u>supra</u> p. 6, FM is petitioner's qualifying child. Accordingly, petitioner is entitled to an earned income tax credit for 2008.

III. <u>Child Tax Credit</u>

Subject to certain limitations based on adjusted gross income, section 24(a) allows a credit against his/her tax liability with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained the age of 17."

FM is petitioner's qualifying child. Therefore, petitioner is entitled to the section 24(a) child tax credit with respect to FM.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.
